UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAYLOR ENERGY COMPANY, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6383** |
| **UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO INSURANCE COVERAGE EVIDENCE BY POLICY NO. HJ109303** | **SECTION "K" (3)** |

**ORDER**

On September 29, 2010, Taylor Energy Company, L.L.C.'s Motion to Compel Defendants to Provide Further Responses to Requests for Production of Documents [Doc. #31] came on for oral hearing before the undersigned. Present were Paul Goodwine and Christina Goodrich on behalf of plaintiff and James Roussel and Amanda York on behalf of defendant. After the hearing, the Court took the motion under advisement and ordered defendant to produce to the Court for *in camera* review its Second Amended Privilege Log and document UWS006106 dated June 24, 2005. Defendant complied with the Court's order. After a review of the privilege log and the document, the Court rules as follows.

To claim the protection of either attorney-client privilege or the work-product doctrine, a privilege log must contain sufficient information that would allow a court or a party to assess the applicability of the privilege or protection. Fed. R. Civ. P. 26(b)(5); *Coes v. World Wide Revival*,

*Inc.*, No. 6:05-cv-563-Orl-22KRS, 2007 WL 2774205, *2 (M.D. Fla. Aug. 16, 2007).  The standard for testing the adequacy of the privilege log is whether, as to each document, the entry sets forth facts that "would suffice to establish each element of the privilege or immunity that is claimed." *Chemtech Royalty Assocs, L.P. v. United States*, Civ. A. No. 05-944, 2009 WL 854358, *3 (M.D. La. Mar. 30, 2009).  The focus is on the specific descriptive portion of the log, and "not on conclusory invocations of the privilege or work-product rule, since the burden of the party withholding documents cannot be discharged by mere conclusory" assertions.  *Golden Trade S.r.L. v. Lee Apparel Co.*, No. 90 Civ. 6291, 1992 WL 367070, *5 (S.D.N.Y. 1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987)).  Other courts have similarly held that a privilege log should provide "a specific explanation of why the document is privileged." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 88 (N.D. Ill.1992).

   Moreover, Rule 26 "does not attempt to define for each case what information must be provided . . . Details concerning time, persons, general subject matter, etc. may be appropriate." Fed. R. Civ. P. 26, advisory committee notes.  Additional detail in the privilege log or supporting affidavits for the allegedly privileged documents may be necessary to provide facts relating to the individuals listed on the privilege log, including their job titles.  *Muro v. Target Corp.*, 243 F.R.D. 301, 308 (N.D. Ill. 2007). A proper assertion that documents are attorney-client privileged or protected by the work-product doctrine means that a party must describe those documents that it contends are privileged to the best of its ability without revealing the privileged information, even if doing so is difficult to do without revealing the confidential nature of the documents.  *Estate of Manship v. United States*, 232 F.R.D. 552, 561 (M.D. La. 2005). Where descriptions in the privilege log fail to meet this standard, "then disclosure is an appropriate sanction."  *Smithkline Beecham*

*Corp. v. Apotex Corp.,* 193 F.R.D. 530, 534 (N.D. Ill. 2000).

For example, privilege log entries that state that the documents address "legal advice" lack sufficient information for the court or other parties to determine the applicability of the privilege. *United Investors Life Ins. Co. v. Nationwide Life Ins. Co.*, 23 F.R.D. 483 (N.D. Miss. 2006). Further, "the mere assertion of a lawyer that responsive materials or information are attorney-client privileged or protected by the work product doctrine is not evidence establishing that the information is privileged." *Estate of Manship*, 232 F.R.D. at 561. Blanket assertions are unacceptable. *United States v. Hodgson*, 492 F.2d 1175, 1177 (10th Cir. 1974); *United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1969). Moreover, business advice which is unrelated to legal advice is not protected by the attorney-client privilege even when it is between an attorney and a client. *Id.*

Here, the Court finds that the Second Amended Privilege Log does not set forth facts that suffice to establish that each element of the privilege claimed is applicable. Document descriptions such as "Email forwarding attorney client communication," "Email regarding attorney input and advice regarding anticipated litigation issues," and "Email forwarding attorney report" fail to set forth adequate facts for this Court -- and for plaintiff -- to determine whether the claimed privilege protects the document from disclosure. While the Court recognizes that it is a difficult task, defendant must describe those documents that it contends are privileged to the best of its ability without revealing the privileged information, even if doing so is difficult to do without revealing the confidential nature of the documents. *Estate of Manship*, 232 F.R.D. at 561. This, defendant has not done. Accordingly, defendant shall produce to plaintiff a Third Amended Privilege Log **no later than fourteen (14) days from the date of this Order**. Should defendant fail to describe the documents with specificity once again, this Court will not hesitate to order disclosure as an

appropriate sanction given the proximity of the trial date. *Smithkline Beechan*, 193 F.R.D. at 534.

In addition, this Court finds that information such as contingency fee contracts, hourly rates, hours spent by attorneys working on this litigation, attorney's fees charged and costs incurred are not "confidential communications" and are therefore not privileged. "[I]nvoices are not protected from discovery by the attorney-client privilege. . . . The invoices themselves are merely a byproduct of the fact of the representation [and] are not protected by any of the asserted privileges or [the work product doctrine]...." *Stonehenge/FASA Tex., JDC, L.P. v. Miller*, No. 94-CV-0912-G, 1998 WL 826880, at *1 (N.D. Tex. 1998) (citing United States v. Davis, 636 F.2d 1028, 1044 (5th Cir. 1981); *In re Grand Jury Proceedings*, 517 F.2d 666, 671 (5th Cir. 1975)). Accordingly, those documents in the Second Amended Privilege Log described as "Emails regarding attorneys fees invoices with attached invoices," "Email regarding attorneys fees invoices," and "Email forwarding attorneys fees invoices" are not privileged and shall be produced.

Further, the Court finds that document labeled UWS0006106 is entirely unrelated to this litigation and is thus irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant need not produce this document nor need defendant include it in the privilege log. Accordingly,

**IT IS ORDERED** that Taylor Energy Company, L.L.C.'s Motion to Compel Defendants to Provide Further Responses to Requests for Production of Documents [Doc. #31] is GRANTED IN PART as outlined above.

New Orleans, Louisiana this  7th  day of October , 2010.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**